Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Anna M. Vradenburgh (Bar No. 163212)
**ONE LLP**
2815 Townsgate Rd., Suite 320
Westlake Village, CA 91361
Telephone: (424) 279-8202

Attorneys for Plaintiff,
9349-9176 QUEBEC. INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9349-9176 QUEBEC, INC., a Canadian corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MANYVIDS.TO, a domain name; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.:<br><br>**IN REM COMPLAINT FOR TRANSFER OF DOMAIN NAME FOR TRADEMARK INFRINGEMENT AND CYBERSQUATTING (15 U.S.C. § 1125)** |

Plaintiff 9349-9176 QUEBEC, INC, by and through its attorneys of record, complains against MANYVIDS.TO, a domain name; and DOES 1-10 (collectively "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

2. This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

4. This Court has personal jurisdiction over Defendants. Amongst other things, Defendants have engaged in direct, contributory, or vicarious trademark infringement, or have otherwise induced trademark infringement in this judicial district. Further, Defendants have engaged in continuous and systematic business in California, and upon information and belief, derive substantial revenues from commercial activities in California. Specifically, Defendants, have (1) designed, manufactured, sourced, imported, offered for sale, sold, distributed, or shipped infringing and counterfeit merchandise to persons within this State in the ordinary course of trade; (2) engaged in acts or omissions outside of this State causing injury within the State; or (3) otherwise made or established contacts with this State sufficient to permit exercise of personal jurisdiction.

## PARTIES

5. Plaintiff is a Canadian corporation located in Quebec, Canada.

6. Defendant <www.manyvids.to> is a website owned by an unknown person or business entity, but which website is registered through the nation of Tonga's domain name registry services located in this judicial district. Specifically, the nation of Tonga identifies

1
**IN REM COMPLAINT FOR TRANSFER OF DOMAIN NAME FOR TRADEMARK INFRINGEMENT AND CYBERSQUATTING**

administers all .to domain names and identifies its California consulate as the mode of contact: Government of the Kingdom of Tonga, H.R.H. Crown Prince Tupouto'a, care of Consulate of Tonga, Eric Gullichsen (Administrative contact egullich@colo.to), 360 Post Street, Suite 604, San Francisco, CA 94108.

7. DOES 1 through 10, inclusive, are the actual underlying owners of the manyvids.to domain name and who are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "DOE" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff has for many years owned and used in commerce the mark "MANYVIDS" in connection with commercial offerings of online video, blog and photograph services, all in the adult space. Through years of effort and investment in the referenced trademark, "MANYVIDS" has become a well-known adult-oriented brand associated with Plaintiff herein (hereafter "Plaintiff's Trademark"). Plaintiff also has registered several domain names using the "MANYVIDS" mark, such as but not limited to manyvids.com, manyvids.net, which websites are used to promote Plaintiff's goods and services under the referenced trademark and brand.

9. Subsequent to Plaintiff's development and creation of a well-known brand under Plaintiff's Trademark, Defendants registered the domain name <<www.manyvids.to>> using the exact trademark belonging to Plaintiff, but with the top-level domain of ".to" which is the domain for the remote island nation of Tonga, which domain registration and use on the World Wide Web is an infringing use of Plaintiff's trademark (hereafter the "Infringing Mark").

2
**IN REM COMPLAINT FOR TRANSFER OF DOMAIN NAME FOR TRADEMARK INFRINGEMENT AND CYBERSQUATTING**

10. As well as using the Infringing Mark as the domain name, Defendants have further placed on that domain name various audio-visual works and photographic works which belong to or are licensed by Plaintiff. Many such stolen videos contain Plaintiff's watermarks.

11. Defendants' illegal operation was conducted by use of a Tonga domain name that is cloaked as to the true owner (the party involved in the illegal trademark infringement scheme outlined herein), which has allowed the true owners of the illegal operation to remain hidden.

## FIRST CAUSE OF ACTION

**(In rem Trademark & Cybersquatting, in violation of 15 U.S.C. §1125(d) Against All Defendants)**

12. Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 11 above.

13. Plaintiff is the legal owner of the trademark "MANYVIDS" as set forth in detail in the above paragraphs.

14. The Plaintiff's Trademark is valid, protectable and distinctive that Plaintiff has continuously used to promote its goods since the date of first use at least four years ago.

15. Recently, Defendants have used Infringing Marks confusingly if not nearly identically similar to the Plaintiff's Trademark. Indeed, Defendants' use of confusingly similar imitations of the Plaintiff's Trademark (where only the top domain level extension is changed) is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services or products are manufactured, produced, distributed, endorsed, sponsored, approved, or connected with Plaintiff. Defendants have perpetrated this scheme by not only copying Plaintiff's Trademark but also copying other content offering made by Plaintiff at its domain name and offering those exact content offerings at the Infringing Mark domain name, many of which content offerings even have Plaintiff's "manyvids" watermark. Plaintiff is informed and believes and thereon alleges that Defendants utilized the Plaintiff's Trademark in order to create consumer confusion

and have in fact created consumer confusion including but not limited to initial interest confusion and confusion as to affiliation or association between Plaintiff on one hand and Defendants on another, all to capitalize on Plaintiff's valuable and popular trademark.

16. At no time did Defendants have the authorization, legal right, or consent to engage in such activities in disregard of Plaintiff's rights in the Plaintiff's Trademark.

17. Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate bad faith intent to trade on the goodwill associated with the Plaintiff's Trademark.

18. Plaintiff is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Plaintiff's advertising, sales, and consumer recognition, Defendants have made substantial sales and profits in amounts to be established according to proof. Moreover, as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Plaintiff's advertising, sales, and consumer recognition, Plaintiff has been damaged.

19. Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, Defendants will continue to infringe the Plaintiff's Trademark, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin sponsorship, and affiliation of Defendants and their goods. Plaintiff is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and cause injury to the reputation and goodwill associated with Plaintiff and Plaintiff's products.

20. Plaintiff is entitled to transfer and/or cancellation of the domain name under 1125(d)(2)(D).

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants as follows:

1. For an order requiring the Tonga registrar of the domain name [www.manyvids.to](www.manyvids.to) to transfer the [www.manyvids.to](www.manyvids.to) domain name to Plaintiff immediately;

2. For Plaintiff's reasonable attorney's fees;

2. For all costs of suit; and

3. For such other and further relief as the Court may deem just and equitable.

Dated: September 1, 2017          **ONE LLP**

By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
Attorneys for Plaintiff,
9349-9176 QUEBEC, INC

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: September 1, 2017        **ONE LLP**

By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
Attorneys for Plaintiff,
9349-9176 QUEBEC, INC